**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| M/V RAFADA, *IN REM*<br>AND ADA LISSETTE DE LA ROSA DIAZ<br><br>       Plaintiff,<br><br>        v.<br><br>FIRSTBANK PUERTO RICO AND RAFAEL<br>CARRILLO OJEL-JARAMILLO,<br><br>       Defendant. | CIV. NO. 08-1689 (PG) |

## OPINION AND ORDER

Plaintiff Ada Lisette De La Rosa Diaz brought this action against Defendants alleging multiple claims of fraud and negligence and praying for damages as well as declaratory and injunctive relief.  Before the Court are Motions to Dismiss (Docket Nos. 18, 55) by defendants Rafael Carrillo Ojel-Jaramillo ("Carillo") and FirstBank Puerto Rico ("FirstBank") as well as Plaintiff's Memoranda in Opposition (Docket No. 32, 56).  For the reasons set forth below, the Court **GRANTS** Defendants' Motions.

## I.  PROCEDURAL BACKGROUND

Plaintiff filed the instant suit *in rem* and *in personam* against Defendants in order to "seek redress of lender liability and fraud perpetuated by [Defendants] against the vessel [Rafada][1] and its Master plaintiff Ada de la Rosa Diaz."  (Compl. 2.)  Plaintiff's legal theories are grounded in a factual narrative that can be summarized as follows: Carrillo, her ex-husband,[2]

---

[1] Coast Guard Document No. 1180229 and ID No. LHRPC130K405.

[2] Plaintiff never mentions the important fact that she and Carrillo were once married, that they co-signed the ship mortgage in dispute, and then subsequently divorced.  This we learn from Defendants' Motions to Dismiss, which we think is a strategic but misguided omission in order to advance frivolous claims against Defendants as discussed *infra*. Plaintiff does mention that Carrillo is a Spanish citizen residing in Puerto Rico with a permanent resident card set to expire in 2012.

Civ. No. 08-1689(PG)                                                    Page 2

allegedly made a false claim of citizenship under a fraudulent social security

number belonging to a deceased person by applying for a mortgage with

FirstBank, which knew of the fraud but nevertheless executed the mortgage

under the Preferred Ship Mortgage Act, 46 U.S.C. §§ 31301-31343. (See Compl.

2.)   Carrillo purportedly injured Plaintiff's interest in the vessel by

transferring title to FirstBank, as well as by possessing the vessel, altering

its contents, and removing it from United States jurisdiction. (Id. at 4, 8.)

Plaintiff asks for relief, among other things, by: (1) damages in an amount

in excess of $590,000.00; (2) a quiet title action with regard to the vessel;

(3) discharge of debt under the mortgage she co-signed; (4) temporary and

permanent injunction preventing Carrillo from using the vessel; and (5)

attorney fees and costs.

     In her Complaint, Plaintiff pleads four (4) causes of action. First, she

pleads "fraud in the execution of the preferred mortgage agreement," alleging

that at the time Carrillo applied for a preferred ship mortgage with FirstBank

he was a Spanish citizen using a fraudulent social security number belonging

to a deceased person.  Plaintiff avers that FirstBank knew this, made comments

about the fraudulent social security number, and was told by Plaintiff herself

that he was not a United States citizen, but that FirstBank said the matter

was of no consequence.   (Compl. 7.)   Second, she pleads negligence under

Puerto Rico law as a supplemental state law claim because FirstBank acted

negligently toward Plaintiff's property rights by failing to ensure that the

loan agreement was valid under the law and that Carrillo could validly pass

title to FirstBank.   (Id. at 8.)   Third, Plaintiff requests a declaratory

judgment finding the ship mortgage "void *ab initio*, unenforceable, and without

effect."  (Id. at 9.)  Fourth, Plaintiff also requests a declaratory judgment

finding that any title and interest of Carrillo in the vessel is void *ab

initio* and without effect.   (Id.)   Finally, after enumerating her four (4)

causes of action, Plaintiff prays for (1) compensatory damages in excess of

Civ. No. 08-1689(PG)                                                      Page 3

$590,000.00; (2) consequential damages in excess of $150,000.00; (3) pre-judgment interest, attorney's fees, and litigation costs; (4) declaratory judgment as mentioned above; and (5) a temporary and permanent injunction preventing Carrillo from having any physical or constructive control over the vessel. (Id. at 9-10.)

In response, Carrillo filed the pending Motion to Dismiss (Docket No. 18) positing numerous reasons for dismissing the Complaint with and without prejudice, mostly focusing on the arguments that the Complaint lacks subject matter jurisdiction and that the plaintiff fails to state a plausible claim for relief under the relevant federal statutes.  More specifically, Carrillo argues that the Complaint should be dismissed without prejudice under Federal Rule of Civil Procedure 12(b)(1) and 12(h)(3) for lack of subject matter jurisdiction because: (1) there is no federal admiralty or maritime jurisdiction; (2) there is no complete diversity jurisdiction; (3) there is no federal question jurisdiction under 28 U.S.C. § 1331 because there are no private causes of action under either the Ship Mortgage Act of 1920 ("SMA"), 46 U.S.C. §§ 31301-31343, or the Vessel Documentation Act of 1980 ("VDA"), 46 U.S.C. §§ 12101-12152; and (4) the Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-2202, is not by itself a source of federal question jurisdiction. Carrillo also argues that the Complaint should be dismissed with prejudice under Rule 12(b)(6) for failure to state a claim because (1) there are not private causes of action under the aforementioned statutes, and (2) Plaintiff lacks Article III as well as statutory standing.  In another Motion to Dismiss pending before the Court (Docket No. 55), FirstBank reiterates that neither the PSMA nor the VDA creates a cause of action in favor of Plaintiff for the alleged fraud committed by her ex-husband Carrillo.  FirstBank also requests attorney's fees and costs incurred in the defense of this case.

Civ. No. 08-1689(PG)                                                    Page 4

## II. STANDARD OF REVIEW

"When a court is confronted with motions to dismiss under both Rules 12(b)(1) and 12(b)(6), it ordinarily ought to decide the former before broaching the latter. <u>Deniz v. Municipality of Guaynabo</u>, 285 F.3d 142, 149 (1st Cir. 2002) (<u>citing</u> <u>NE Erectors Ass'n v. Sec'y of Labor</u>, 62 F.3d 37, 39 (1st Cir. 1995). "Whether the complaint states a cause of action on which relief could be granted is a question of law [which] must be decided after and not before the court has assumed jurisdiction over the controversy." <u>Bell v. Hood</u>, 327 U.S. 678, 682 (1946). "After all, if the court lacks subject matter jurisdiction, assessment of the merits becomes a matter of purely academic interest." <u>Deniz</u>, 285 F.3d at 150.

Rule 12(b)(1) is the proper vehicle for challenging a court's subject matter jurisdiction. <u>Valentin v. Hospital Bella Vista</u>, 254 F.3d 358, 362-63 (1st Cir. 2001). Under this rule, a wide variety of challenges to the Court's subject matter jurisdiction may be asserted, among them those based on sovereign immunity, ripeness, mootness, and the existence of a federal question. <u>Id.</u> (citations omitted). When faced with a jurisdictional challenge on the pleadings, in advance of jurisdictional discovery and without the taking of any evidence, this court should "take as true all well-pleaded facts in the plaintiff['s] complaints, scrutinize them in the light most hospitable to the plaintiff['s] theory of liability, and draw all reasonable inferences therefrom in the plaintiff['s] favor." <u>See</u> <u>Fothergill v. United States</u>, 566 F.3d 248, 251 (1st Cir. 2009) (<u>citing</u> <u>Muñiz-Rivera v. United States</u>, 326 F.3d 8, 11 (1st Cir. 2003)).

Challenges to subject matter jurisdiction through a Rule 12(b)(1) motion may constitute either a facial or a factual challenge. To decide whether a 12(b)(1) motion is a facial or factual challenge, a court must determine whether the motion disputes or controverts the complaint's allegations regarding subject matter jurisdiction. If the 12(b)(1) motion does not

Civ. No. 08-1689(PG)                                                    Page 5

dispute the allegations, then it challenges only the facial sufficiency of the complaint's subject matter jurisdiction.  If the motion disputes or controverts the subject matter allegations, then it challenges the factual basis for subject matter jurisdiction.  "Facial attacks on a complaint require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in the [plaintiff's] complaint are taken as true for purposes of the motion."  Torres-Negron v. J & N Records, LLC, 504 F.3d 151, 162 (1st Cir. 2007) (internal citations omitted).  Under a factual challenge, "the allegations have no presumptive truthfulness, and . . . the court has discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve disputed jurisdictional facts."  Mercado-Arocho v. United States, 455 F. Supp. 2d 15, 18 (D.P.R. 2006) (internal citations omitted).

     As courts of limited jurisdiction, federal courts have the duty to construe their jurisdictional grants narrowly.  Fina Air, Inc. v. United States, 555 F. Supp. 2d 321, 323 (D.P.R. 2008).  Since federal courts have limited jurisdiction, the party asserting jurisdiction has the burden of demonstrating the existence of subject matter jurisdiction.  See Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995).  Furthermore, when evaluating the complaint's allegations, the Court need not credit "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like."  See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996).  However, in order for a plaintiff's claim to be dismissed for lack of subject matter jurisdiction due to the inadequacy of the plaintiff's federal claim, that claim must be "[s]o insubstantial, implausible, foreclosed by prior decisions of [the Supreme Court], or otherwise completely devoid of merit as not to involve a federal controversy."  Oneida Indian Nation of N.Y. v. County of Oneida, 414 U.S. 661, 666 (1974).

Civ. No. 08-1689(PG)                                                    Page 6

### III. DISCUSSION

We are persuaded by Defendants' arguments in their Motions to Dismiss that even taking Plaintiff's facts as true, scrutinizing them in the most favorable light to her theory of liability, and drawing all reasonable inferences in her favor, she fails to establish the Court's subject matter jurisdiction. Plaintiff simply fails to invoke the Court's jurisdiction under any and all possible statutory or constitutional bases, including those through which she specifically attempts to gain entry to the Court: admiralty and federal question jurisdiction. As we are courts of limited jurisdiction, we decline to entertain the merits of Plaintiff's claims under Rule 12(b)(6) and decide first the sufficiency of Plaintiff's subject matter allegations. We restrict our analysis to the facial sufficiency of these allegations, taking them as true because Defendants do not dispute or controvert their underlying factual basis.

#### A. Admiralty Jurisdiction

Plaintiff seeks, unsuccessfully, to invoke this Court's admiralty jurisdiction by suing both *in rem* and *in personam* under 28 U.S.C. § 1333(1), which provides: "The district courts shall have original jurisdiction . . . of . . . any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." With respect to *in rem* actions, "it is beyond dispute that admiralty jurisdiction extends to possessory and petitory actions." Mullane v. Chambers, 333 F.3d 322, 327 (1st Cir. 2003) (citing Ward v. Peck, 59 U.S. 267, 267 (1855); Matsuda v. Wada, 128 F. Supp. 2d 659, 669 (D. Haw. 2000). A possessory action is one in which a party seeks to recover possession of a vessel of which she has been wrongfully deprived, while a petitory suit is one

to assert legal title to a vessel. Id. at 327-28.  "The procedure to be followed in such cases is set out in Rule D of the Supplemental Rules of the Federal Rules of Civil Procedure, which provides, in relevant part: 'In all actions for possession, partition, and to try title . . . with respect to a vessel, . . . the process *shall* be by a warrant of arrest of the vessel.'" Id. at 328 (emphasis added).  A plain reading of the text of the rule makes clear that a warrant of arrest of the vessel *must* issue for the trial court to establish jurisdiction over the *res*. Dluhos v. Floating and Abandoned Vessel, 162 F.3d 63, 68 (2nd Cir. 1998) (affirming dismissal of *in rem* action for lack of subject matter jurisdiction in a quiet title action where no vessel was arrested).  "In this way, the rule complies with historical admiralty practice, which requires a vessel's arrest in order to maintain an *in rem* action against it." Id. (citing other Court of Appeals cases affirming the dismissal of actions for want of jurisdiction when no warrant was issued or boat arrested); see also In re Millenium Seacarriers, Inc., 419 F.3d 83, 94 (2nd Cir. 2005) ("[S]ubject matter jurisdiction lies in the district court where the vessel or other *res* is located, but that jurisdiction does not attach until the vessel is arrested within the jurisdiction.")

Plaintiff cannot invoke this Court's subject matter jurisdiction *in rem* over the vessel Rafada because no warrant for its arrest was issued and we specifically denied Plaintiff's motions for the vessel's arrest (Docket Nos. 50, 51).  Plaintiff simply is not the party capable of moving the court to arrest the vessel.  In order to issue an arrest warrant, "the court must review the complaint and any supporting papers" and must only issue the warrant "if the conditions for an in rem action appear to exist." See FED. R. CIV. P. SUPP. R. C(3)(a).  In making the determination of whether the conditions for an *in rem* action appear to exist, "the court's task is to ask whether Plaintiff has made a 'prima facie showing that the plaintiff has an action *in rem* against the defendant in the amount sued for and that the property is

Civ. No. 08-1689(PG)                                                      Page 8

within the district.'" <u>Weeks Marine, Inc. v. Cargo of Scrap Metal</u>, 571 F.
Supp. 2d 334, 338 (D. Conn. 2008)(<u>quoting</u> Fᴇᴅ. R. Cɪᴠ. P. Sᴜᴘᴘ. R. C Adv Cmte
Note (1985)).  To make a prima facie showing, Rule C sets forth two limited
circumstances in which a party may proceed *in rem* in an admiralty action: (1)
to enforce a maritime lien, and (2) whenever a federal statute provides for
a maritime action *in rem* or a proceeding analogous thereto. <u>Id.</u> at 338-39
(<u>quoting</u>  Fᴇᴅ. R. Cɪᴠ. P. Sᴜᴘᴘ. R. C(1)).

     In this case, there is no doubt that Plaintiff is not a lienholder;
FirstBank is the proper lienholder by virtue of a preferred ship mortgage.
There is also no doubt that the only relevant federal statute that would
provide for a maritime action *in rem* or an analogous proceeding is the Ship
Mortgage Act that Plaintiff cites, which specifically restricts the Court's
jurisdiction to actions brought by *mortgagees* such as FirstBank, not
mortgagors such as Plaintiff. 46 U.S.C. § 31325(b) ("On default of any term
of the preferred mortgage, the *mortgagee* may: (1) enforce the preferred
mortgage lien in a civil action in rem for a documented vessel . . . .")
(emphasis added).  Thus, Plaintiff's requests for an arrest warrant for the
Rafada were properly denied and we have no power to issue any decree as to the
lawful possession or title of the *res*, the Rafada, as we have no *in rem*
jurisdiction over it.

     Plaintiff also fails to invoke this Court's *in personam* admiralty
jurisdiction because she does not set forth a cognizable maritime claim
against Carrillo or FirstBank under any of the four causes of action pleaded
in the Complaint.  Neither the SMA nor the VDA, nor any other relevant federal
maritime statute, provide Plaintiff, as a mortgagor, with a cause of action
in admiralty against Defendants for damages, injunctive relief, or declaratory
judgment.  Plaintiff was a co-signer on the preferred ship mortgage and thus,
as a mortgagor, has no lien on the vessel or rights to foreclose the ship's
mortgage under the SMA.  As it does for *in rem* jurisdiction, the SMA only

Civ. No. 08-1689(PG)                                                    Page 9

confers admiralty jurisdiction *in personam* to mortgagees against mortgagors, not vice-versa.  See 46 U.S.C. § 31325(b)(2)(A) ("the *mortgagee* may enforce a claim . . . in . . . a civil action in personam in admiralty against the mortgagor, maker, comaker, or guarantor for the amount of the outstanding indebtedness or any deficiency in full payment of that indebtedness. . . .") (emphasis added).  As for the VDA, this vessel documentation statute does not supply a private right of action at all and we will not infer one; the VDA only provides for civil penalty liability toward the federal government.  See 46 U.S.C. § 12151 ("A person that violates this chapter or a regulation prescribed under this chapter is liable to the United States Government for a civil penalty of not more than $10,000.")  In sum, Plaintiff's *in personam* admiralty claims fail because no federal maritime statute relevant to the ship's mortgage, title, or possession arms Plaintiff with a cause of action against Defendants, and Plaintiff fails to allege any injury sounding in maritime tort or contract.

   **B. Federal Question Jurisdiction**

   Since the parties to the suit are not diverse, Plaintiff's last possible avenue for invoking the Court's subject matter jurisdiction is general federal question jurisdiction pursuant to 28 U.S.C. § 1331.  Every putative federal question must pay tribute to the well-pleaded complaint rule requiring that a federal question be stated on the face of the plaintiff's well-pleaded complaint, that is, a question in which federal law creates a cause of action or the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.  Rhode Island Fishermen's Alliance, Inc. v. Rhode Island Dept. of Envtl Management, No. 08-2390, 2009 WL 3401919, at *4 (1st Cir. Oct. 23, 2009) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 13 (1983).  For similar reasons as stated above

Civ. No. 08-1689(PG)                                                    Page 10

finding a lack of *in personam* admiralty jurisdiction, the Complaint must fail

on its face because federal law does not create a cause of action for

Plaintiff to sue under.  Neither the federal maritime statutes that Plaintiff

cites nor any other relevant statutory or constitutional provision supplies

a valid cause of action for Plaintiff, and this is not a case where the

plaintiff's right to recover under her complaint depends on the construction

of a statute.  See Steel Co. v. Citizens for a Better Environment, 523 U.S.

83, 89 (1998).  Under any construction the SMA or the VDA, Plaintiff's

right to recover are defeated.  Her claims fall within the exception outlined

by the Supreme Court in Steel Co., holding that dismissal is proper only when

the claim is "'so insubstantial, implausible, foreclosed by prior decisions

of this Court, or otherwise completely devoid of merit as not to involve a

federal controversy.'" Id. (quoting Oneida Indian Nation of N.Y. v. County of

Oneida, 414 U.S. 661, 666 (1974).  Plaintiff's claims are implausible and

completely devoid of merit because, as explained above, the SMA only gives

mortgagees a right to sue, and the VDA does not provide a private right of

action at all.  Plaintiff's claims fall into the category of claim that

"'clearly appears to be immaterial and made solely for the purpose of

obtaining jurisdiction or where such a claim is wholly insubstantial and

frivolous'" Id. (quoting Bell v. Hood, 327 U.S. 678, 682-83).

     Neither will we allow Plaintiff's request for declaratory judgment under

the Declaratory Judgment Act, 28 U.S.C. § 2201, to grant her access to the

Court and create jurisdiction where none existed before.  The Act merely makes

available an added anodyne for disputes that come within the federal court's

jurisdiction on some other basis; there must be an independent basis of

jurisdiction before a federal court may entertain a declaratory judgment

action.  See Alberto San, Inc. v. Consejo Titulares del Condominio San

Alberto, 522 F.3d 1, 5 (1st Cir. 2008) (internal citation and quotation marks

omitted).  Because we have no subject-matter jurisdiction to be able to

Civ. No. 08-1689(PG)                                                     Page 11

entertain the merits of Plaintiff's federal claims, we decline to address her
supplemental state law claims and dismiss them without prejudice.  <u>See</u>
<u>Carnegie-Mellon University v. Cohill</u>, 484 U.S. 343, 350 (1988) (noting that
when the federal-law claims have dropped out of the lawsuit in its early
stages, the federal court should decline the exercise of jurisdiction by
dismissing the case without prejudice); <u>see also</u> <u>Marrero-Gutierrez v. Molina</u>,
491 F.3d 1, 7-8 (1st Cir. 2007).

     **C. Standing**

     Finally, even though we dismiss Plaintiff's claims for lack of subject
matter jurisdiction, we note that Plaintiff's complaint suffers from pleading
defects with regard to Article III and prudential standing.  We seriously
doubt that Plaintiff has alleged a cognizable injury-in-fact, as well as a
causal connection between the injury and the conduct complained of, and that
it is likely the injury will be redressed by the requested relief.  <u>See</u>
<u>Sutliffe v. Epping School Dist.</u>, 584 F.3d 314, 325 (1st Cir. 2009) (<u>citing</u>
<u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560).  Plaintiff does not claim
the she herself has been a victim of fraud perpetrated by Defendants, or that
through their fraud, she is now unjustly coerced into paying the ship
mortgage.   Plaintiff was not the subject of any sanction or penalty
attributable to Defendants.   She only alleges that Carrillo defrauded
FirstBank and the United States Government, statements which surmount to
allegations of generalized wrongdoing.  Plaintiff's injury must be concrete
and particularized, actual and imminent, not conjectural or hypothetical. <u>Id.</u>
at 325-26 (<u>quoting</u> <u>Lujan</u>, 504 U.S. at 560) (internal quotation marks omitted).
The prudential limitations on the exercise of jurisdiction also counsel that
Plaintiff's complaint: (1) fall within the zone of interests protected by the
law; (2) assert the plaintiff's legal rights and interests, not those of third

parties; and (3) present more than abstract questions of wide public significance which amount to generalized grievances.  See N.H. Right to Life Pol. Action Comm. v. Gardner, 99 F.3d 8, 15 (1st Cir. 1996).  Plaintiff cannot assert the United States' rights and interests in preventing a third party like defendant Carrillo from violating its laws, especially where the statutes do not supply a private right of action, or where they specifically outline the potential plaintiffs who fall within the zone of interests they are aimed at protecting.

### D. Attorney's Fees

While the "American Rule" on fee-shifting generally prohibits the prevailing party from collecting attorney's fees from the losing party, one exception allows a district court to award them when the losing party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Dubois v. U.S. Dept. of Agriculture, 270 F.3d 77, 80 (1st Cir. 2001) (internal citations and quotation marks omitted).  To invoke the exception under a claim of vexatious conduct, the moving party must demonstrate that the losing party's actions were "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith."  Id. (quoting Local 285 v. Nonotuck Resources Assocs., 64 F.3d 735, 737 (1st Cir. 1995).  We find Plaintiff's actions in this case to be frivolous, unreasonable, and without foundation.  A cursory review of Plaintiff's claims would have revealed that she fails to plead any viable causes of action under federal law that would invoke the Court's subject-matter jurisdiction.  Although we refused to grant Defendant's Motion for Sanctions (Docket No. 27) based on the failure to comply with Federal Rule of Civil Procedure 11's Safe Harbor Provision, we note therein Defendants' attempts to persuade Plaintiff in withdrawing her frivolous suit.  We find that Plaintiff has continued to pursue claims that

Civ. No. 08-1689(PG)                                            Page 13

are entirely unreasonable and without foundation to Defendants' cost and detriment.

### III. CONCLUSION

For the preceding reasons, the Court **GRANTS** Defendants' Motions to Dismiss Plaintiff's Complaint. (Docket Nos. 18, 55). Accordingly and because we lack jurisdiction to decide the merits of this case, Plaintiff's federal and supplemental state law claims are hereby **DISMISSED WITHOUT PREJUDICE.** It is further ordered that attorney's fees be awarded in favor of Carrillo and FirstBank. Judgment shall be entered forthwith.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, November 20, 2009.

S/ JUAN M. PÉREZ-GIMÉNEZ
JUAN M. PÉREZ-GIMÉNEZ
UNITED STATES DISTRICT JUDGE